John P. Schaedel, Bar No. 181209
jschaedel@fordharrison.com
Shanda Lowe, Bar No. 278602
slowe@fordharrison.com
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: 213-237-2400
Facsimile:  213-237-2401

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| TRACIE MONTZ,<br><br>               Plaintiff,<br><br>    vs.<br><br>WAL-MART ASSOCIATES, INC., a corporation; and DOES 1 through 20, inclusive,<br><br>               Defendants. | Case No.  5:20-cv-01710<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT WAL-MART ASSOCIATES, INC. PURSUANT TO  28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Action Filed:     June 1, 2020<br>Date of Removal:  August 24, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Associates, Inc. ( "*Walmart*") files this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

I.    **INTRODUCTION**

1.    Plaintiff Tracie Montz ("*Plaintiff*") filed a complaint on June 1, 2020, in the Superior Court of California, County of Riverside, titled "TRACIE MONTZ *v. WAL-MART ASSOCIATES, INC. & Does 1-20*," Case No. RIC2002371 (the "*State Court Action*").  (Declaration of Shanda Y. Lowe ("*Lowe Decl.*") ¶¶ 4-5, Ex. A).

/ / /

2. On August 21, 2020, Walmart filed an Answer in the State Court Action. (Lowe Decl. ¶ 6, Ex. B.)

3. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon or filed by Walmart in this action are attached to the Declaration of Shanda Y. Lowe as **Exhibits A and B**. (Lowe Decl. ¶¶ 4-7, Exs. A and B.)

## II.   NATURE OF THE SUIT

4. The Complaint filed in the State Court Action alleges the following causes of action: (1) Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Retaliation (FEHA); (3) Failure to Prevent Discrimination and Retaliation (FEHA); (4) Failure to Provide Reasonable Accommodations (FEHA); (5) Failure to Engage in a Good Faith Interactive Process (FEHA); and (6) Declaratory Judgement.

## III.   BASIS FOR REMOVAL: DIVERSITY

5. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. §1441(a). Therefore, a state court action may be removed if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements is met in this case.

### A.   Complete Diversity of Citizenship

6. Plaintiff resides in California. "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)). In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California. Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

7.     "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

8.     Walmart is incorporated under the laws of the State of Delaware.  (Lowe Decl. ¶ 8.)  Walmart's principal place of business is in Arkansas.  (Lowe Decl. ¶¶ 9-10, Ex. C.)  Accordingly, Walmart is a citizen of Delaware and Arkansas for diversity purposes.

9.     Because Plaintiff is a citizen of California and Walmart is a citizen of Delaware and Arkansas, complete diversity exists between the parties.

**B.     Amount in Controversy Exceeds $75,000**

10.     A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.   Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

11.     While Walmart denies any liability to Plaintiff whatsoever, Walmart asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.

12.     Plaintiff began working at Walmart in or around September 2001. (Compl. ¶ 17.)  Plaintiff alleges that she became injured due to a work-related injury in or around 2003 and was issued work restrictions. (Compl. ¶ 19.) Plaintiff claims that, after accommodating her disability and restrictions for 16 years, Walmart failed to engage in the interactive process with her, failed to accommodate her work restrictions, and placed her on an unpaid leave of absence. (Compl. ¶¶ 20-27.) Plaintiff further claims that Walmart discriminated against her, by forcing Plaintiff to change her career preferences and accept a demotion. (Compl. ¶¶ 24-25.)

13.     By this lawsuit, Plaintiff seeks compensatory damages; including lost wages, earnings, commissions, retirement benefits, other employee benefits; special

damages; general damages for mental pain and anguish, emotional distress and loss of earning capacity; declaratory relief; injunctive relief; punitive damages; restitutionary disgorgement; attorneys' fees and costs; pre- and post-judgment interest; and any other relief as the court finds just and proper.    (Compl. at Prayer for Relief.)

14.    In establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment.  *See Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, \*4 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, \*2, n.1 (E.D. Cal. Jun 1, 2007) (plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

15.    Here, as of the most recent reported data in March 2020, the median time from the filing of a complaint until trial in the Central District of California is 22.5 months.  *See* United States Courts Statistics, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0331.2020.pdf.  With a removal of August 2, 2020, that would mean an estimated trial date in June 2022.  With an alleged loss of $30-35 per week (the alleged demotion of $1 per hour for 30-35 hours per week), a back pay claim for Plaintiff though June 2022 likely exceeds $5,000.

16.    Plaintiff also alleges emotional distress damages. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp.

2d 1246, 1250 (C.D. Cal. 2012). Jury verdicts in employment discrimination cases make clear that emotional distress is frequently awarded in an amount at least twice the underlying economic damages, or, at the very least, in the same amount as economic damages. *See Saccio v. Romasanta*, 2016 WL 7118673 Case No. 15CV00672, Superior Court, Santa Barbara County (November 22, 2016) (in age discrimination action, jury awards $75,000 in non-economic damages, but less than $70,000 in economic damages); *Abe v. Symantec Corporation*, 2016 WL 6883223 Case No. BC547652, Superior Court, Los Angeles County (July 22, 2016) (verdict in pregnancy, gender and disability discrimination case for $50,000 in "pain and suffering," but only $25,003 in back-pay); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Escoto v. Metric Machining*, 2013 WL 9554716, Case No. CIVRS-12-06532, Superior Court, San Bernardino County (Nov. 14, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and age discrimination case for $55,000 in "pain and suffering," but only $12,000 in back pay); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243, Case No. BC486877, Superior Court, Los Angeles County (Sept. 26, 2013) (verdict in wrongful termination, disability discrimination, failure to accommodate, failure to engage in interactive process, and retaliation case for $80,000 in "noneconomic damages," but only $40,000 in economic damages); *Cho v. B & B Pharmacy and Healthcare Center*, 2011 WL 8227178, Case No. VC055584, Superior Court, Los Angeles County (July 13, 2011) (verdict in wrongful termination, pregnancy discrimination, and harassment case for $75,000 in "noneconomic loss," but only $37,500 in economic damages); *Husein v. Selma Unified School District*, 2010 WL 8672016, Case No. 08CECG03528, Superior Court, Fresno County (Oct. 26, 2010) (verdict in wrongful termination and racial discrimination case for $110,000 in past and future "noneconomic damages," but about $70,000 in economic damages);

*Perona v. Time Warner Cable, Inc.*, 2016 WL 6440427, Case No. 5:14CV02501, Central District of California (Sept. 8, 2016) (verdict in disability discrimination and failure to accommodate case for $80,000 in "noneconomic damages," and $80,000 in economic damages).

17.     Plaintiff is also seeking to recover her attorneys' fees and costs pursuant to California Government Code § 12965(b).  (Compl. at Prayer for Relief.)  It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).  While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award.  *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

18.     The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009.  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029

(N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from \$60,000 to \$121,000,000).

19.     Plaintiff also seeks open-ended relief as "such other and further relief as the Court may deem just and proper." Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp*., 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of \$75,000.)

20.     Walmart denies that Plaintiff's claims have any merit.  Walmart also denies that Plaintiff suffered any damages.  However, when the relief sought (*i.e.*, lost wages, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the \$75,000 jurisdiction requirement, exclusive of interest and costs.

21.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV.     THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

22.     Pursuant to 28 U.S.C. § 1446(a), Walmart has attached to this notice and the declaration of Shanda Y. Lowe, all pleadings, process, orders, and all other filings in the state court action.  (Lowe Decl. ¶¶ 4-7, Exs. A and B.)

23.     Plaintiff delivered a copy of the Complaint and the Summons on Walmart's agent for service of process on July 23, 2020.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

24.     Walmart will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of Riverside.  (*See* Lowe Decl. ¶ 11, Ex. D.)

25.     As required by 28 U.S.C. §1446(d), Walmart will give notice of this

removal to Plaintiff.  (Lowe Decl. ¶ 11, Ex. D.)

## V.  __VENUE__

26.  This action was brought and is pending before the Superior Court of California, Riverside County.

27.  Riverside County, California is located within the Eastern Division of the Central District of California.

28.  Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

## VI.  __CONCLUSION__

WHEREFORE, Walmart prays that the Court will remove this civil action from the Superior Court of the State of California, Riverside County, to the United States District Court for the Central District of California-Eastern Division.  By removing the action to this Court, Walmart does not waive any defenses, objections, or motions available to it under state or federal law.


Dated:  August 24, 2020                    Respectfully submitted,

FORD & HARRISON LLP


By:   _/s/ Shanda Y. Lowe_
      John P. Schaedel
      Shanda Y. Lowe
      Attorneys for Defendant WAL-
      MART ASSOCIATES, INC.

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 24, 2020, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION BY**
**DEFENDANT WAL-MART ASSOCIATES, INC.**
**PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

in a sealed envelope, postage fully paid, addressed as follows:

> Ramin R. Younessi, Esq.
> Law Office sof Ramin R. Younessi
> A Professional Law Corporation
> 3435 Wilshire Boulevard
> Suite 2200
> Los Angeles, CA 90010

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 24, 2020, at Los Angeles, California.

Carmen Melendez

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION