1   Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
2   **A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
3   Los Angeles, California 90010
Telephone: (213) 480-6200
4   Facsimile: (213) 480-6201

5   Attorney for Plaintiff,
TRACIE MONTZ

6

7

**FILED**
Superior Court of California
County of Riverside

6/1/2020
**J. Hendrickson**
Electronically Filed

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF RIVERSIDE**

10  TRACIE MONTZ, an individual,              Case No.   **RIC2002371**

11                     Plaintiff,             **COMPLAINT FOR DAMAGES FOR:**

12       v.                                   1.  **DISCRIMINATION IN VIOLATION OF**
                                                  **GOV'T CODE §§12940 ET SEQ.;**
13  WAL-MART ASSOCIATES, INC., a Delaware
    corporation; and DOES 1 through 20, inclusive,  2.  **RETALIATION IN VIOLATION OF**
14                                                **GOV'T CODE §§12940 ET SEQ.;**

15                     Defendants.            3.  **FAILURE TO PREVENT**
                                                  **DISCRIMINATION AND RETALIATION**
16                                                **IN VIOLATION OF GOV'T CODE**
                                                  **§12940(k);**
17

18                                           4.  **FAILURE TO PROVIDE REASONABLE**
                                                  **ACCOMMODATIONS IN VIOLATION OF**
19                                                **GOV'T CODE §§12940 ET SEQ.;**

20                                           5.  **FAILURE TO ENGAGE IN A GOOD**
                                                  **FAITH INTERACTIVE PROCESS IN**
21                                                **VIOLATION OF GOV'T CODE §§12940 ET**
                                                  **SEQ.; AND**
22
                                             6.  **FOR DECLARATORY JUDGMENT**
23
                                                     **DEMAND OVER $25,000**
24
                                                 **[DEMAND FOR JURY TRIAL]**
25
          **COMES NOW PLAINTIFF, TRACIE MONTZ,** and for causes of action against the
26
    Defendants and each of them, alleges as follows:
27

28

-1-

## JURISDICTION

1.    This Court is the proper court, and this action is properly filed in Riverside County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Riverside County, and because the work that is the subject of this action was performed by Plaintiff in Riverside County.

## THE PARTIES

2.    Plaintiff, TRACIE MONTZ, is and at all times relevant hereto was a resident of the County of Riverside, State of California.

3.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant WAL-MART ASSOCIATES, INC. (hereinafter referred to as "WAL-MART") was and is a Delaware corporation doing business at 6250 Valley Springs Parkway, in the city of Riverside, in the County of Riverside, State of California.

4.    WAL-MART is hereinafter referred to as "Employer."

5.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private retailer.

6.    At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

COMPLAINT FOR DAMAGES

8.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11.     Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13.   Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.   Employer is completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.   Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.   Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.   Employer does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.   The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employer are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14.   Accordingly, Employer constitutes the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

1    enterprise, and that Plaintiff was an employee of Employer and DOES 1-20. Plaintiff performed services

2    for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants

3    shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which

4    Defendants' business was and is conducted.

5         16.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and

6    between DOES 1-20, Employer, or any of them, (1) there is an express or implied agreement of

7    assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other

8    Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts

9    to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere

10    continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for

11    the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES

12    1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

14                      **FACTUAL ALLEGATIONS**

15         17.    In or around September 2001, Defendants hired Plaintiff to work as a sales associate.

16    Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily

17    through her tenure with employer.

18         18.    Plaintiff is currently 61 years old.

19         19.    In or around 2003, Plaintiff suffered a work-related injury to her back when she slipped

20    on Defendants' freshly waxed floor. This injury caused the major life activity of working to be more

21    difficult, thus constituting a disability. Thereafter, Plaintiff sought medical treatment and received work-

22    restrictions from her doctor.

23         20.    Plaintiff reported this disability and her work restrictions to Defendants. Plaintiff received

24    accommodations. Plaintiff was accommodated for approximately 16 years.

25         21.    Suddenly, in or around February 2019, Defendants informed Plaintiff that her job was "re-

26    coded" and required Plaintiff to do work that would violate her ongoing work restrictions. Thereafter

27    Plaintiff asked Defendants as to what steps she needed to take to continue receiving accommodations

28    and/or transfer to alternative job positions.

22.     Plaintiff's supervisors gave her paperwork to fill out.  This paperwork required Plaintiff to jump through various bureaucratic hoops, which included making sudden doctor's appointments.

23.     On or about March 28, 2019, Defendants notified Plaintiff that they were placing her on an unpaid leave of absence.  Plaintiff immediately contacted her supervisors to inquire what was happening as she never asked for a leave of absence and regularly informed Defendants of her willingness and readiness to work.  Plaintiff's supervisors informed her that her work restrictions could not be accommodate.

24.     Thereafter, Plaintiff regularly communicated with Defendants about returning to work with accommodations.  In or around April 2019, Defendants allowed Plaintiff to return to work with accommodations, but under the proviso that Plaintiff change her career preferences and agree to a pay cut of approximately $1.00 an hour.  Plaintiff had no choice but to accept this demotion despite the fact that her work restrictions had been accommodated for 16 years.

25.     Defendants discriminated and retaliated against Plaintiff by forcing Plaintiff to change her career preferences, forcing Plaintiff to accept lower pay and for exercising Plaintiff's right to request accommodation of Plaintiff's disability and/or medical condition.

26.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

27.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

28.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents

1 | whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated
2 | herein as DOES 1 through 20, inclusive.

3 |     29.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general
4 | and special damages, including severe and profound pain and emotional distress, anxiety, depression,
5 | headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological
6 | counseling and treatment, and past and future lost wages and benefits.

7 |     30.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
8 | commissions, benefits and loss or diminution of earning capacity.

9 |     31.    Plaintiff claims general damages for emotional and mental distress and aggravation in a
10 | sum in excess of the jurisdictional minimum of this Court.

11 |     32.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or
12 | managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard
13 | of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages
14 | be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this
15 | Court.

16 |

17 | **FIRST CAUSE OF ACTION**

18 | **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

19 | **AGAINST ALL DEFENDANTS**

20 |     33.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as
21 | though set forth in full herein.

22 |     34.    At all times hereto, the FEHA was in full force and effect and was binding upon
23 | Defendants and each of them.

24 |     35.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers
25 | to discrimination on the bases of one or more of the protected characteristics under FEHA.

26 |     36.    FEHA requires Defendants to refrain from discriminating against an employee on the
27 | basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination and

28 |

1   harassment on the basis of disability and/or medical condition, real or perceived, use of medical leave,
2   and engagement in protected activities from occurring.

3       37.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's age,
4   disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or
5   medical condition.

6       38.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff
7   held with Defendants.

8       39.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to
9   accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or
10  return to work, and was harmed thereby.

11      40.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition,
12  real and perceived, and/or some combination of these protected characteristics under Government Code
13  §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the
14  aforementioned adverse employment actions.

15      41.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's
16  damage as stated below.

17      42.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated
18  by reference.

19      43.     The foregoing conduct of Defendants individually, or by and through their officers,
20  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was
21  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of
22  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights
23  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to
24  punitive damages in an amount appropriate to punish or make an example of Defendants.

25      44.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
26  attorneys' fees and costs, including expert fees pursuant to the FEHA.

27
28

-8-

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

45.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

46.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

47.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

48.     Plaintiff engaged in the protected activities of requesting accommodation, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

49.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and was harmed thereby.

50.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, complaining about and protesting Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

51.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

52.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

53.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

54.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

55. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

56. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST ALL DEFENDANTS

57. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

58. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

59. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

60. The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

61. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

COMPLAINT FOR DAMAGES

1   such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

2   punitive damages in an amount appropriate to punish or make an example of Defendants.

3       62.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

4   attorneys' fees and costs, including expert fees pursuant to the FEHA.

6   ### FOURTH CAUSE OF ACTION

7   ### FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

8   ### IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

9   ### AGAINST ALL DEFENDANTS

10       63.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

11   though set forth in full herein.

12       64.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was

13   in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on

14   Defendants to make reasonable accommodation for the known physical disability and/or medical

15   condition of an employee.

16       65.    At all relevant times, Plaintiff was a member of a protected class within the meaning of,

17   in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a

18   physical condition that affected Plaintiff's major life activities, and medical condition of which

19   Defendants had both actual and constructive knowledge.

20       66.    At all times herein, Plaintiff was willing and able to perform the duties and functions of

21   the position in which Plaintiff was employed, or could have performed the duties and functions of that

22   position with reasonable accommodations. At no time would the performance of the functions of the

23   employment position, with a reasonable accommodation for Plaintiff's disability or medical condition,

24   actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health

25   or safety. Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by

26   Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused

27   to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and

28   continue to violate this obligation, through the present and ongoing.

67.   The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

68.   The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

69.   The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

70.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

71.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

72.   At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

73.   At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability

-12-

COMPLAINT FOR DAMAGES

1  that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual

2  and constructive knowledge.

3       74.    Plaintiff reported the disability to Defendants and requested accommodation, triggering

4  Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein,

5  Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage

6  in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying

7  Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and

8  refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants

9  violated, and continued to violate this obligation, through the present and ongoing.

10       75.    The above said acts of Defendants constitute violations of the FEHA, and were a

11  proximate cause in Plaintiff's damage as stated below.

12       76.    The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated

13  by reference.

14       77.    The foregoing conduct of Defendants individually, and/or by and through their officers,

15  directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

16  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

17  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

18  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

19  punitive damages in an amount appropriate to punish or make an example of Defendants.

20       78.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

21  attorneys' fees and costs, including expert fees pursuant to the FEHA.

22

23  **SIXTH CAUSE OF ACTION**

24  **FOR DECLARATORY JUDGMENT**

25  **AGAINST ALL DEFENDANTS**

26       79.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

27  though set forth in full herein.

28       80.    Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

81. Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

82. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

83. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that

-14-

COMPLAINT FOR DAMAGES

Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

84.     Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

85.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

86.     A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

87.     Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

1

## PRAYER FOR RELIEF

2   **WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount

3   according to proof as follows:

4   1.   For a money judgment representing compensatory damages including lost wages,

5   earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

6   together with interest on these amounts; for other special damages; and for general damages for mental

7   pain and anguish and emotional distress and loss of earning capacity;

8   2.   For prejudgment interest on each of the foregoing at the legal rate from the date the

9   obligation became due through the date of judgment in this matter.

10   **WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an

11   amount according to proof, as follows:

12   3.   For a declaratory judgment reaffirming Plaintiff's equal standing under the law and

13   condemning Defendants' discriminatory practices;

14   4.   For injunctive relief barring Defendants' discriminatory employment policies and

15   practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

16   5.   For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish

17   Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

18   6.   For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful

19   conduct and failure to pay wages and other compensation in accordance with the law;

20   7.   For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, and/or

21   any other basis;

22   8.   For post-judgment interest; and

23   9.   For any other relief that is just and proper.

24   DATED: May 20, 2020                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                           **A PROFESSIONAL LAW CORPORATION**
25

26                                    By: _____

27                                       Ramin R. Younessi, Esq.
                                         Attorney for Plaintiff
28                                       TRACIE MONTZ

-16-

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  May 20, 2020

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____

Ramin R. Younessi, Esq.
Attorney for Plaintiff
TRACIE MONTZ

COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                                                         KEVIN KISH, DIRECTOR
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 10, 2020

Ramin R. Younessi
3435 Wilshire Blvd, Suite 2200
Los Angeles, California 90010

RE:    **Notice to Complainant's Attorney**
        DFEH Matter Number: 202003-09561010
        Right to Sue: Montz / Wal-Mart Associates, Inc. et al.

Dear Ramin R. Younessi:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 10, 2020

RE: **Notice of Filing of Discrimination Complaint**
    DFEH Matter Number: 202003-09561010
    Right to Sue: Montz / Wal-Mart Associates, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 10, 2020

Tracie Montz
3435 Wilshire Blvd, Suite 2200
Los Angeles, California 90010

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202003-09561010
        Right to Sue: Montz / Wal-Mart Associates, Inc. et al.

Dear Tracie Montz,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 10, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Tracie Montz

DFEH No. 202003-09561010

Complainant,

vs.

Wal-Mart Associates, Inc.
708 SW 8th Street
Bentonville, Arkansas 72716

Walmart Stores, Inc.
6250 VALLEY SPRINGS PKWY
RIVERSIDE, California 92507

Respondents

1. Respondent **Wal-Mart Associates, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Tracie Montz**, resides in the City of **Los Angeles** State of **California.**

3. Complainant alleges that on or about **March 27, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over), other.

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), other and as a result of the discrimination was reprimanded, demoted, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was reprimanded, demoted, denied reasonable accommodation for a disability, other, denied or forced to transfer.

Date Filed: March 10, 2020

1

2   **Additional Complaint Details:** Tracie Montz ("Ms. Montz") was hired by Wal-Mart
3   Associates, Inc. and Walmart Stores, Inc. (referred to as "Respondents") as a sales
    associate in or around September 2001. Ms. Montz performed her job duties
4   satisfactorily throughout the term of her employment. Ms. Montz is currently 61 years
    old.
5   In or around 2003, Ms. Montz suffered a work-related injury to her back when she
    slipped on Respondents' freshly waxed floor. This injury caused the major life
6   activity of working to be more difficult, thus constituting a disability. Thereafter, Ms.
7   Montz sought medical treatment and received work-restrictions from her doctor. Ms.
    Montz reported this disability and her work restrictions to Respondents. Ms. Montz
8   received accommodations. Ms. Montz was accommodated for approximately 16
    years.
9   Suddenly, in or around February 2019, Respondents informed Ms. Montz that her
    job was "re-coded" and required Ms. Montz to do work that would violate her work
10  restrictions. Thereafter, Ms. Montz asked Respondents as to what steps she needed
11  to take to continue receiving accommodations and/or transfer to alternative job
    positions. Ms. Montz's supervisors gave her paperwork to fill out. This paperwork
12  required Ms. Montz to jump through various bureaucratic hoops, which included
    making sudden doctor's appointments.
13  On or about March 28, 2019, Respondents notified Ms. Montz that it was placing her
14  on an unpaid leave of absence.  Ms. Montz immediately contacted her supervisors
    to inquire what was happening as she never asked for a leave of absence and
15  regularly informed Respondents of her willingness and readiness to work. Ms.
    Montz's supervisors informed her that her work restrictions could not be
16  accommodated.
    Thereafter, Ms. Montz regularly communicated with Respondents about returning to
17  work with accommodations. In or around April 2019, Respondents allowed Ms.
18  Montz return to work with accommodations, but under the proviso that Ms. Montz
    change her career preferences and agree to a pay cut of approximately $1.00 an
19  hour.  Ms. Montz had no choice but to accept this demotion despite the fact that her
    work restrictions had been accommodated for 16 years.
20  Respondents knew that Ms. Montz had a disability and/or medical condition but
    refused to offer to accommodate Ms. Montz's disability. Respondents did not engage
21  in the interactive process with Ms. Montz to determine accommodations for her real
22  or perceived disability and/or real or perceived medical condition; failed to bring any
    alternative available positions to Ms. Montz's attention; consider Ms. Montz for said
23  positions or discuss Ms. Montz's qualifications for any of them, or offer any such
    positions to Ms. Montz.
24  Ms. Montz believes she was discriminated and retaliated against based upon her
25  age, real or perceived disability, real or perceived medical condition, engagement in
    protected activities, denied accommodation, denied an interactive process, and was

26

27                                         -2-

28  Date Filed: March 10, 2020

1   demoted. In the event that Respondents claim that Ms. Montz was not the subject of
2   an involuntarily demotion, then they have failed and continue to fail to engage in a
    good faith interactive process to provide reasonable accommodations and return Ms.
3   Montz to her original employment.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-
27   *Complaint – DFEH No. 202003-09561010*

28   Date Filed: March 10, 2020

1 | VERIFICATION

2 | I, **Ramin R. Younessi**, am the **Attorney** in the above-entitled complaint. I have read
3 | the foregoing complaint and know the contents thereof. The matters alleged are
   | based on information and belief, which I believe to be true.

4 |
5 | On March 10, 2020, I declare under penalty of perjury under the laws of the State of
   | California that the foregoing is true and correct.

6 | **Los Angeles, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | -4-
   | *Complaint – DFEH No. 202003-09561010*

28 | Date Filed: March 10, 2020